The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Holmes and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Holmes.
 ***********
The Full Commission finds as facts and concludes as matters of law the following which were entered into by the parties as:
 STIPULATIONS
1. At the time of the plaintiff's injury, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employee-employer relationship existed between the plaintiff and the S S Tire Company on November 11, 1994.
3. The carrier on the risk is Federated Mutual Insurance Company.
4. The medical records of Dr. John E. Scarff, Jr., Dr. Richard A. Valadez, and Sampson Memorial Hospital were received into evidence.
5. A Form 22 Wage Chart was received into evidence.
 ***********
Based upon all of the competent, credible evidence of record and the reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. The plaintiff, age forty-two at the time of the hearing before the Deputy Commissioner, worked for the S S Tire Company for approximately a year and a half. His duties included changing tires.
2. On November 11, 1994, the plaintiff was lifting a heavy truck tire when he felt a sharp pain in his side and leg. When he was in the bathroom later in the day, he noticed that his right testicle was swollen.
3. The plaintiff began to suffer severe right testicular pain and went to the Sampson County Memorial Hospital emergency room for treatment on November 12, 1994. Dr. John E. Scarff, Jr., an urologist, diagnosed the plaintiff with a complete torsion of the right spermatic cord which caused death of the right testicle. Dr. Scarff performed emergency surgery and the right testicle was removed.
4. The plaintiff was hospitalized for two days and was out of work for two weeks. He returned to work for the S S Tire Company, and since no light duty was available, he performed his regular duties. The S S Tire Company laid off the plaintiff several days later because he did not want to work in the S S Tire Company's turkey house because of fear of infection of his surgical area.
5. Plaintiff's injury was causally related to his normal heavy lifting at work. However, the injury resulted from the plaintiff performing his usual and customary duties with the S S Tire Company. The injury was not caused by an accident.
 ***********
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Plaintiff did not sustain an injury by accident or specific traumatic incident arising out of and in the course of his employment with the S S Tire Company. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff is therefore not entitled to any benefits under the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-2 et seq.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim is hereby DENIED
2. Plaintiff's motion to introduce new and/or additional evidence is DENIED.
3. Each side shall pay its own costs.
This 5th day of December 2001.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE COMMISSIONER
 S/______________ RENE C. RIGGSBEE COMMISSIONER